United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ROSALES YUBANGUI,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE ICE DETENTION CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-05070-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF No. 1 |

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 1. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Peru, Petitioner entered the United States on May 27, 2022, and was taken into custody by the Department of Homeland Security ("DHS"). ECF No. 6 at 5. On May 29, 2022, Petitioner was released from custody on his own recognizance, and placed in removal proceedings. *Id.* After his release, Petitioner began living in Salt Lake City, Utah with his family and working in construction. ECF No. 11 at 2. He also has two criminal convictions, including one for driving under the influence. *See* ECF No. 6 at 5, 15. On May 15, 2026, ICE officers detained Petitioner at the Box Elder County Jail where he was being held for failing to pay a fine related to a traffic offense. *See* ECF No. 11 at 3.

Many prior orders within this district are dispositive on the issues raised in the petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026

WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, at which they must justify the reasons underlying the revocation of his release. Petitioner has a liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

In opposing the petition, Respondents argued that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention" in light of his prior criminal convictions. ECF No. 6 at 1. They further argued that his detention is mandatory under 8 U.S.C. § 1225(b). *Id*. As it has in the past, the Court rejects Respondents' argument that Petitioner may be mandatorily detained under § 1225(b). *See Meneses v. Warden of the Cent. Valley Annex*, No. 1:26-CV-04040-NW, 2026 WL 1898978, at *2 (E.D. Cal. July 1, 2026) (collecting cases rejecting the same argument). However, the Court finds that a post-deprivation hearing is the appropriate remedy under these circumstances. Petitioner may have violated the terms of his release given his prior convictions. The relevant question, however, is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances); *Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery—despite finding that petitioner was not subject to mandatory detention under Laken Riley—because the government "may well have a legitimate interest in [p]etitioner's detention based on the

information contained in the arrest report"); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *14–16, 18 (E.D. Cal. Oct. 16, 2025) (ordering a post-deprivation bond hearing where petitioner had multiple infractions of his conditional release order).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED for the reasons stated in those prior orders. Respondents are ORDERED to provide a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 20, 2026

Noël Wise
United States District Judge